# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| BRENT HARPOLE, LESLIE HARPOLE, HARP PLUMBING DESIGN, INC., d/b/a CHAMPION PLUMBING, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. **CJ-2023-1736** |
| vs. | ) ) | |
| WESCO INSURANCE COMPANY, a foreign corporation; SECURITY NATIONAL INSURANCE COMPANY, a foreign corporation; and AMTRUST NORTH AMERICA, a foreign corporation, | ) ) ) ) ) ) | FILED IN DISTRICT COURT OKLAHOMA COUNTY MAR 2 9 2023 |
| Defendants. | ) ) | RICK WARREN COURT CLERK 127 _____ |

## PETITION

The Plaintiffs, Brent Harpole, Leslie Harpole, and Harp Plumbing Design, Inc., d/b/a Champion Plumbing (hereafter "Champion"), for their Petition against the Defendants, Wesco Insurance Company, a foreign corporation ("Wesco"), Security National Insurance Company, a foreign corporation ("Security"), and AmTrust North America, the claims administrator for Wesco and Security, ("AmTrust"), allege and state:

### JURISDICTION AND VENUE

1. Plaintiff, Champion, is a plumbing contractor located in Edmond, Oklahoma.

2. Wesco and Security are insurance companies incorporated in states other than Oklahoma. They each do business in Oklahoma and issued the insurance policies discussed below to Champion in Oklahoma County.

3. At all material times, Champion was insured under a primary liability policy issued by Wesco, Policy No. WPP1842951 02, effective dates December 1, 2021, to December 1, 2022.

4. At all material times, Champion was also insured under a liability, follow-the-form umbrella insurance policy issued by Security, Policy NO. SMB1796912 01, effective dates December 2, 2021, to December 2, 2022.

5. On page 9 of 16 in the Liability Insurance Policy issued to Champion by Wesco, the policy defines who is an insured. Brent Harpole and Leslie Harpole are insureds under the Wesco policy, as defined therein. As such, both Brent Harpole and Leslie Harpole may bring the present lawsuit directly against Wesco, Security, and AmTrust under theories of breach of contract and bad faith.

6.. AmTrust is the claims administrator for Wesco and Security, and wrote letters to Champion and its owners, Brent Harpole and Leslie Harpole, on October 26, 2022 (on behalf of Wesco) and on December 16, 2022 (on behalf of Security) denying coverage for a claim asserted against Champion by one of its customers, Pamela Clem ("Clem") relating to the installation of a new stove in Clem's residence. Clem had alleged that the installation was done by Champion incorrectly, causing smoke and soot to build up over a period of time, and caused extensive damage throughout her house. Clem also asserted respiratory distress of an elderly family member, her husband and herself, and has been forced to seek remediation of her residence.

7. Champion provided timely notice of Clem's claim to its primary and excess insurers, Wesco and Security.

8. This Court has subject matter jurisdiction and personal jurisdiction over the Defendants herein.

9. Venue is proper in Oklahoma County.

### FIRST CAUSE OF ACTION – WESCO – BREACH OF CONTRACT

The Plaintiffs, above-named, adopt the allegations contained in numerical paragraphs 1-9 above and, in addition, allege and state:

10. At the time of the work performed at Clem's home by Champion, and at the time of Clem's claim against Champion, Champion was insured under a primary commercial general liability insurance policy issued by Wesco which was purchased by Plaintiffs to provide coverage for their plumbing operation and the types of claims they might experience in that regard.

11. On October 26, 2022, Wesco, through AmTrust, wrote to Plaintiffs and denied coverage to Champion. The reasons stated by Wesco, through AmTrust, for the denial of coverage are erroneous.

12. Wesco's coverage position is contrary its insurance policy and reflects a gross lack of understanding of Oklahoma law. Plaintiffs anticipate discovery in this case will reveal that Wesco's adjusters have not been adequately trained on Oklahoma law and claim handling protocol. The bases for non-coverage, as stated by Wesco through AmTrust, reflect a complete ignorance of its own policy provisions and Oklahoma law. Wesco went so far as to deny even its duty to defend.

13. Champion was and is entitled to an unconditional defense and indemnity by Wesco. With Defendants' permission, Plaintiffs have reached a settlement agreement with Clem. Plaintiffs are now entitled to be indemnified by Wesco.

14. Wesco has materially breached its policy issued to Champion, and Plaintiffs have suffered injuries and damages as a result of that breach. Plaintiffs have been forced to retain counsel to defend Champion, at Plaintiffs' expense.

WHEREFORE, the Plaintiffs, above-named, pray for judgment against the Defendant, Wesco, on their claim of breach of contract in an amount in excess of $75,000.00, and any further relief this Court deems proper and just.

### SECOND CAUSE OF ACTION – WESCO – BAD FAITH

The Plaintiffs, above-named, adopt the allegations contained in numerical paragraphs 1-14 above and, in addition, allege and state:

15. As an insurance company licensed to do business in the state of Oklahoma, Wesco is bound by Oklahoma law to honor its contractual obligations to its insureds in good faith. As such, Wesco owes its insureds, these Plaintiffs, a duty to deal fairly and in good faith.

16. Wesco breached its duty to deal fairly and in good with Plaintiffs by failing to conduct a full and unbiased investigation into the nature and extent of the claims asserted against Champion by Clem. In addition, Wesco acted in bad faith by intentionally misreading its policy and failing to consider reported decisions in Oklahoma and around the country that have addressed issues similar or identical to those in the present case and have found, at a minimum, a duty to defend.

17. Wesco breached its duty to deal fairly and in good faith with Plaintiffs by putting its own interests ahead of Plaintiffs.

18. Upon information and belief, Wesco has an inadequate or nonexistent training program for its Oklahoma commercial adjusters. Further, upon information and belief, Wesco delegates its duty to investigate and to analyze insurance coverage to its third-party administrator (TPA), AmTrust. However, under Oklahoma law, Wesco cannot delegate the duty of good faith. Wesco is responsible and liable to Plaintiffs for the outrageous and erroneous coverage opinion stated by AmTrust in its letter to Plaintiffs dated October 26, 2022.

19. Wesco breached its duty to deal fairly and in good faith with Plaintiffs because it has a claim handling system that encourages and incentivizes claims employees to deny claims, including denials of a duty to defend when a defense is owed. Wesco encourages this type of claims handling environment by disregarding and overlooking the duty of good faith and fair dealing owed to its insureds in favor of its own profitability.

20. As a result of Wesco's breach of its duty to deal fairly and in good faith, Plaintiffs have suffered additional injuries and damages in excess of $75,000.00.

21. Punitive damages should be awarded against Wesco in an amount sufficient to punish Wesco and deter others.

WHEREFORE, the Plaintiffs, above-named, pray for judgment against the Defendant, Wesco, for actual and punitive damages, all in excess of $75,000.00, and any additional and further relief this Court deems proper and just.

### THIRD CAUSE OF ACTION – SECURITY – BREACH OF CONTRACT AND BAD FAITH

The Plaintiffs, above-named, adopt the allegations contained in numerical paragraphs 1-21 above and, in addition, allege and state:

22. The umbrella policy issued by Security to Plaintiffs requires Security to provide a defense to its insureds in connection with the claims asserted by Clem against Plaintiffs. Security has failed and refused to do so, providing the same erroneous coverage analysis through AmTrust.

23. Security has breached its contract to Plaintiffs by denying coverage and refusing to provide a defense. Plaintiffs have suffered injuries and damages as a result.

24. Security has acted in bad faith by delegating its duty of good faith to a third-party, AM Trust, which is not competent enough to understand Oklahoma law and apply that law to the analysis of coverage under the policy issued by Security. AmTrust, and thus Security, are charged

with knowledge of Oklahoma law and should have been trained that the duty to defend is broader than the duty to indemnify. Further, the policy, when properly analyzed by AmTrust, makes clear that Security owes, at a minimum, a defense to its insureds. Now, in light of Champion's recent settlement with Clem, Security is obligated to indemnify Champion.

25. For the same reasons Wesco is guilty of bad faith in connection with its handling of Plaintiffs' claim, Security has likewise acted in bad faith.

26. As a direct and proximate result of the combined actions of Wesco and Security, outlined above, Plaintiffs have suffered damages.

27. The acts and conduct of Security and Wesco, described above, were reckless, intentional, wanton, and oppressive, and warrant the imposition of punitive damages against these Defendants, as punishment and example to Defendants, and to deter others from like conduct.

WHEREFORE, the Plaintiffs, above-named, pray for judgment against the Defendant, Wesco, for actual and punitive damages, all in excess of $75,000.00, and any additional and further relief this Court deems proper and just.

## BAD FAITH – AMTRUST

The Plaintiffs, above named, adopt the allegations contained in numerical paragraphs 1-27 above and, in addition, allege and state:

28. AmTrust states it is acting as the TPA for Wesco and Security. Plaintiffs believe and therefore allege that AmTrust exercises sufficient control and authority over the outcome of Plaintiffs' claims to warrant the filing of Plaintiffs' bad faith claim against AmTrust. Under these facts and circumstances, AmTrust owes these Plaintiffs a duty to act fairly and in good faith in connection with its investigation and analysis of coverage of Champion's claim for a defense and

indemnity. *See, Wolf v. Prudential Insurance Company of America*, 50 F.3d 793 (10th Cir. 1995); *Wathor v. Mutual Assur. Adm. Inc.*, 2004 OK 2, 87 P.3d 559.

29. Wesco and Security have delegated the duty of good faith to their agent/representative, AmTrust.

30. AmTrust has breached its duty of good faith in several particulars, including, but not limited to, the following: (a) AmTrust has applied an erroneous coverage position, based on its lack of knowledge of Oklahoma law and lack of knowledge of the policy in question; (b) AmTrust has searched for ways to deny Plaintiffs' claim and even refused to provide a defense in connection with the claims asserted against Champion by Clem due to the lack of training provided by Wesco and Security to AmTrust, resulting in AmTrust's lack of understanding of Oklahoma law and the policy at issue in this lawsuit; (c) AmTrust has wrongfully refused to recommend a defense to Champion and indemnify Champion in connection with the claims asserted against Champion by Clem, knowing that Wesco and Security would rely on AmTrust's recommendation.

31. As a result of AmTrust's bad faith conduct, Plaintiffs have suffered injuries and damages.

32. The actions of AmTrust in connection with its coverage analysis have been reprehensible and outrageous, warranting the imposition of punitive damages as punishment to this Defendant and as example to others. Plaintiffs seek actual and punitive damages against AmTrust in an amount in excess of $75,000.00.

WHEREFORE, the Plaintiffs, above-named, pray for judgment against the Defendant, AmTrust, on their bad faith claim in an amount in excess of $75,000.00, plus their attorney's fees, costs, and pre-judgment interest, and any and all other recovery allowed by law.

Respectfully submitted,

GERARD F. PIGNATO, OBA No. 11473
MATTHEW C. KANE, OBA No. 19502
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:   (405) 239-6040
Facsimile:   (405) 239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com
*Attorneys for Plaintiffs, Brent Harpole, Leslie Harpole, Harp Plumbing Design, Inc., d/b/a Champion Plumbing*

**ATTORNEY'S LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**